JORDAN B. DEFLORA, ESQ
930 Sylvan Avenue
Suite 110
Englewood Cliffs, New Jersey 07632
Attorneys for Defendants, Kennedy Financial, LLC
Telephone: (201) 708-9921

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| The Rose Club Company, Ltd<br><br>Plaintiff,<br><br>vs.<br><br>KENNEDY FUNDING FINANCIAL, LLC<br><br>Defendant, | Case No.: 3:19-CV-18127-FLW-LHG<br><br><br>**ANSWER AND COUNTERCLAIM** |

Defendants, Kennedy Funding Financial, LLC, with its principal place of business at 930 Sylvan Avenue, Suite 110, Englewood Cliffs, New Jersey, by way of Answer to the Complaint of Plaintiff, The Rose Club Company, Ltd and Rashna Cussen hereby states as follows:

1.      Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 Plaintiff's Complaint and therefore denies same.

3.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 Plaintiff's Complaint and therefore denies same.

4.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 of Plaintiff's Complaint and therefore denies same.

5.    Defendant denies the allegations of Paragraph 5 of Plaintiff's Complaint since Kennedy Funding Financial, LLC is a limited liability company.

6.    Defendant denies the allegations of Paragraph 6 of Plaintiff's Complaint except admits that the Loan Commitment is a document the terms and conditions of which speak for itself and provides the best evidence of its content.

7.    Defendant denies the allegation of Paragraph 7 of Plaintiff's Complaint except admits that the Loan Commitment is a document the terms and conditions of which speak for itself and provides the best evidence of its content.

8.    Defendant denies the Paragraph 8 of Plaintiff's Complaint except admits that the Loan Commitment is a document the terms and conditions of which speak for itself and provides the best evidence of its content.

9.    Defendant denies the allegations of Paragraph 9 of the Plaintiff's Complaint.

10.    The Defendant denies the allegations in Paragraph 10 of Plaintiff's Complaint.

11.    Defendant denies the allegations of Paragraph 11 of Plaintiff's Complaint, except admit Plaintiffs disagreed with the initial appraisal.

12.    Defendant denies the allegations of Paragraph 12 of Plaintiff's Complaint.

13.    Defendant denies the allegations of Paragraph 13 of Plaintiff's Complaint except admits that a loan offer was made to Plaintiff an accordance with the terms of the Loan Commitment.

14.    Defendant admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.    Defendant denies the allegations of Paragraph 15 of Plaintiff's Complaint except admits that Plaintiff has refused to pay the balance of the Commitment Fee.

16.    Defendant denies the allegations of Paragraph 16 of Plaintiff's Complaint except admits that the Loan Commitment is a document the terms and conditions of which speak for itself and provides the best evidence of its content.

17.    Defendant denies the allegations of Paragraph 17 of Plaintiff's Complaint except admits that the Defendant has performed its obligations under the terms of the Loan Commitment.

## FIRST COUNT

18.    Defendant admits and denies the allegations of Paragraph 1 through 17 as have been admitted and denied above.

19.    Defendant denies the allegation of Paragraph 19 of the First Count of Plaintiff's Complaint.

20.    Defendant denies the allegation of Paragraph 20 of the First Count of Plaintiff's Complaint.

21.    Defendant denies the allegations of Paragraph 21 of the First Count of Plaintiff's Complaint.

22.    Defendant denies the allegations of Paragraph 22 of the First Count of Plaintiff's Complaint.

23.    Defendant denies the allegations of Paragraph 23 of the First Count of Plaintiff's Complaint.

## SECOND COUNT

24.    Defendant admits and denies the allegations of Paragraph 1 through 17 as have been admitted and denied above.

25.  Defendant denies the allegation of Paragraph 25 of Plaintiff's Complaint except admits that the Loan Commitment is a document the terms and conditions of which speak for itself and provides the best evidence of its content.

26.  Defendant denies the allegation of Paragraph 26 of Plaintiff's Complaint except admits Plaintiff paid the initial portion of the Commitment Fee.

27.  Defendant denies the allegation of Paragraph 27 of Plaintiff's Complaint.

28.  Defendant denies the allegation of Paragraph 28 of Plaintiff's Complaint.

## THIRD COUNT

29.  Defendant admits and denies the allegations of Paragraph 1 through 17 as have been admitted and denied above.

30.  Defendant neither admits nor denies Paragraph 30 of the Third Count of Plaintiff's Complaint since it calls for a legal conclusion.

31.  Defendant denies the allegations of Paragraph 31 of the First Count of Plaintiff's Complaint.

32.  Defendant denies the allegations of Paragraph 32 of the First Count of Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is barred from a trial by jury demand under the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred from a trial by jury demand under theory of estopped.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery in excess of $350,000  under the theory of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering in excess of $350,000 under the doctrine of waiver.

### COUNTERCLAIM

### FIRST COUNT

1.  On or about March 29, 2019 Plaintiffs, The Rose Club Company, Ltd. (hereinafter Rose Club), as Borrower and Rashna Cussen (hereinafter "Cussen"), individually and as Guarantor, and Defendant, Kennedy Funding Financial, LLC (hereinafter "KFF), executed a certain Loan Commitment.  A copy of the Loan Commitment was annexed to Plaintiff's Complaint as **Exhibit "1"** (hereinafter "Loan Commitment").

2.  The Loan Commitment provided that upon execution of the Loan Commitment, KFF was entitled to a commitment fee in the sum of $1,750,000, which sum was agreed upon to be earned and non-refundable upon execution of the Loan Commitment.

3.  In accordance with the terms of the Loan Commitment and in consideration of Plaintiff's agreeing to the choice of forum clause, waiver of trial by jury clause and limitation of damages clause, among other things, KFF agreed to accept in stages as follows: the sum of $350,000 upon signing of the Loan Commitment and the balance of $1,400,000 to be paid upon closing, in the event of Borrower electing not to proceed to a closing or in the event of Borrower's default under the terms of the Loan Commitment.

4.     The Loan Commitment provided for a time of the essence closing date of July 30, 2019.

5.     Although the Loan Commitment indicates a financing request of $35,000,000, the parties agreed that the actual amount of the loan would be fifty percent (50%) of the "as is" market value as defined in the Loan Commitment not to exceed the financing request.

6.     Upon execution of the Loan Commitment, KFF received the sum of $350,000 representing the initial portion of the commitment fee.

7.     On May 1, 2019, KFF provided a loan offer to Rose Club in the amount of $14,000,000. ("Loan Offer")

8.     The Loan Offer was based upon an appraisal prepared by Colliers International and was in accordance with percentages agreed to by the parties in the Loan Commitment.

9.     After receipt of the Loan Offer, Plaintiffs forwarded information to KFF to provide to, Colliers International, (Colliers), in an effort to have Colliers increase its opinion of value.

10.     On May 7, 2019, KFF notified Plaintiffs that Colliers responded indicating that after considering the additional information provided by Rose Club, Colliers would not change their opinion of value.

11.     On May 7, 2019, Plaintiff rejected the Loan Offer and elected to have KFF hire a new appraisal company pursuant to the terms of the Loan Commitment.

12.     On May 9, 2019, Plaintiff's provided a list of MAI appraisers acceptance to them.

13.     On about May 11, 2019, KFF confirmed that they had approved Integra Caribbean (hereinafter "Integra") from Plaintiff's list of acceptable appraisers.

14. On May 14, 2019, Integra was retained by KFF to perform an appraisal on the Collateral for the proposed Loan.

15. On June 14, 2019, KFF provided Plaintiff with a Loan Offer based on the appraisal of Integra ("Third Party Loan Offer").

16. The Loan Offer was based upon an appraisal prepared by Integra and was in accordance with percentages agreed to by the parties in the Loan Commitment.

17. After receipt of the Loan Offer, Plaintiffs forwarded information to KFF to provide to Integra, in an effort to have Integra increase its opinion of value.

18. On June 24, 2019, Integra provided KFF a revised appraisal increasing the appraised value after considering the additional information provided by Rose Club.

19. As a result of the forgoing, KFF on June 24, 2019, provided a loan offer based upon the revised Integra appraisal ("Revised Third Party Loan Offer").

20 Plaintiff rejected the Revised Third Party Loan Offer electing not to proceed to a loan closing.

21. As a result of the foregoing the balance of the Commitment Fee became due.

22. To date the balance of the Commitment Fee has not been paid.

**WHEREFORE**, KFF demands judgment against Rose Club and Cussen in the sum of $1,400,000, together with costs of suit.

Dated: 10 - 15 - 19

**JORDAN B. DEFLORA, ESQ.**
Attorneys for Defendant
Kennedy Funding Financial, LLC

By: _____
Jordan B. Deflora, Esq.

## CERTIFICATE PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify, pursuant to Local Civil Rule 11.2, that the matter in controversy is not, to the best of my knowledge, information and belief, the subject of any other action pending in any Court or of any pending arbitration or administrative proceeding.

I certify that the foregoing statements made by me are true. I am ware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: 10 - 15 - 19

_____
Jordan B. Deflora, Esq.
Attorney for Defendant
Kennedy Funding Financial, LLC